1670

Olivia BOYCE-ABEL and Rebecca Boyce Work, Appellants, In re ESTATE OF Anne Tilghman BOYCE v. Rebecca Boyce WORK, Olivia Boyce-Abel, Individually and as Trustees of the Bell and Horace Tilghman, Sr., Charitable Trust, Jacqueline A. Boyce, Merrill T. Boyce, South Carolina National Bank, Trustee under the Anne Tilghman Boyce Trust for and on Behalf of Jacqueline Boyce, Rae H. Ely, Stephen J. Small and Tyson Van Auken, as Trustees under the Bell and Horace Tilghman, Sr., Charitable Trust and the South Carolina Attorney General's Office, Defendants, of whom Merrill T. Boyce and Jacqueline A. Boyce are, Respondents.

(406 S.E. (2d) 184)

Court of Appeals

*Charles S. Porter, Kenneth B. Wingate* and *Richard M. Smith,* all of *The McNair Law Firm, P.A.,* Columbia, *for appellants.*

*Terrell L. Glenn* and *Elizabeth Van Doren Gray,* both of *Glenn, Irvin, Murphy, Gray & Stepp, Adele J. Pope* and *William P. Simpson,* of *Haynsworth, Marion, McKay & Guerard,* Columbia, *for respondents.*

Heard Feb. 20, 1991.

Decided April 16, 1991.

GARDNER, Judge:

The probate judge of Marion County appointed Olivia Boyce-Abel and Rebecca Boyce Work as special administrators of their mother's estate. Merrill T. Boyce and Jacqueline A. Boyce, siblings of Olivia and Rebecca, appealed to the circuit court where the trial judge by the appealed order disqualified Olivia. We vacate and remand.

The probate court has exclusive, original jurisdiction over wills and estates and the administration thereof. *See* S.C. Const. Art. V, § 8; S.C. Code Ann. § 62-1-302 (1987).

The probate order of this case is clearly temporary. The order states that the two sisters are appointed "until such time as a Personal Representative(s) shall be formally appointed." The order also forbids distribution of the estate assets, requires the posting of a substantial and, we hold, adequate bond, and requires the sisters as special administrators to make monthly accountings.

Appeals from the probate court are governed by S.C. Code Ann. § 62-1-308 (1987). Subsection (a) thereof provides that only final orders may be appealed. Under these circumstances the Court of Common Pleas lacked subject matter jurisdiction of the temporary order involved in this case. The appealed order is, therefore, vacated and the case is remanded to the probate court for further proceedings.

Vacated and remanded.

Goolsby, J., and Littlejohn, Acting Judge, concur.