606 S.E.2d 792

James P. TRULUCK, Jr., Ethel N. King, Bobbie Jean Truluck, Hazel Ann Simril Childers, Mark Davis Simril, Bryan Scott Simril, Michael Andrew Simril, J.S. Bourne as Personal Representative of the Estate of Elizabeth Ashford, and J.S. Bourne Individually, Petitioners,

of whom James P. Truluck, Jr., Ethel N. King, Bobbie Jean Truluck, Hazel Ann Simril Childers, Mark Davis Simril, Bryan Scott Simril and Michael Andrew Simril are Respondents,

and

J.S. Bourne as Personal Representative of the Estate of Elizabeth Ashford, and J.S. Bourne, Individually is Appellant,

v.

Carol S. SNYDER as Personal Representative of the Estate of Mason D. Nesmith, and Carol S. Snyder Individually, Respondent.

James P. Truluck, Jr., Ethel N. King, Bobbie Jean Truluck, Hazel Ann Simril Childers, Mark Davis Simril, Bryan Scott Simril, Michael Andrew Simril, J.S. Bourne as Personal Representative of the Estate of Elizabeth Ashford, and J.S. Bourne Individually, Petitioners,

of whom James P. Truluck, Jr., Ethel N. King, Bobbie Jean Truluck, Hazel Ann Simril Childers, Mark Davis Simril, Bryan Scott Simril and Michael Andrew Simril are Respondents,

and

J.S. Bourne as Personal Representative of the Estate of Elizabeth Ashford, and J.S. Bourne, Individually is Appellant,

v.

Carol S. Snyder as Personal Representative of the Estate of Mason D. Nesmith, and Carol S. Snyder Individually, Respondent.

No. 3899.

Court of Appeals of South Carolina.

Heard Oct. 12, 2004.

Decided Dec. 6, 2004.

110

Ronald Stewart Gaynor, of Pawleys Island and William S. Duncan, of Georgetown, for Appellant.

Marian Dawn Nettles, of Lake City and Otis A. Jeffcoat, III, of Myrtle Beach, for Respondent.

GOOLSBY, J.:

These combined appeals involve a demand for a jury trial in a will contest. The probate court denied the demand as well as a motion to remove the case to the circuit court. The circuit court affirmed. We reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Mason D. Nesmith died on April 26, 1999. On April 28, 1999, the probate court granted an application from Carol S. Snyder for informal probate of a will that was executed by Nesmith on April 1, 1999. In this will, Nesmith devised all his property to Snyder and Elizabeth Ashford. He also named Snyder as the personal representative of his estate.

On June 9, 1999, James P. Truluck, Jr., commenced a proceeding in the probate court to contest the will on the ground of undue influence and lack of testamentary capacity. On June 15, 1999, an amended summons was filed naming Truluck, Ethel N. King, Bobbie Jean Truluck, Hazel Ann Simril Childers, Mark Davis Simril, Bryan Scott Simril, and Michael Andrew Simril as petitioners and Snyder and Ashford as respondents.

Although she participated in some discovery requests, Ashford did not file any responsive pleadings in the will contest. Ashford died testate on July 29, 2000. Her will named J.S. Bourne as the personal representative of her estate as well as her primary beneficiary.

On November 8, 2000, Bourne, individually and as personal representative of Elizabeth Ashford's estate, was substituted as a respondent in the contest concerning Nesmith's will.[1] Bourne answered the petition on December 5, 2000.

On April 12, 2001, Bourne was dismissed by oral order of the probate court as a respondent pursuant to Rule 41, SCRCP, and granted leave to intervene as a petitioner. Although Bourne had submitted a petition under Rule 24(c), SCRCP, alleging numerous causes of action, the probate court permitted him to intervene as a petitioner only on his causes of action for lack of testamentary capacity, undue influence, and termination of appointment.[2]

---

1. Bourne and the estate of Elizabeth Ashford will be referred to collectively as "Bourne."

2. *See* Rule 24(c), SCRCP (requiring that the motion to intervene "shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought"). The pleading Bourne submitted under this rule alleged, in addition to assertions of undue influence and lack of testamentary capacity, causes of action for mistake as to the nature

On April 20, 2001, Bourne filed a summons and petition alleging the three causes of action permitted by the probate court in its oral order. Unlike either the petition Bourne had proffered when he moved to intervene as a petitioner or the petition approved by the probate court, the petition that Bourne filed on behalf of himself and Ashford's estate included a demand for a jury trial. In her answer, dated May 29, 2001, Snyder objected to the jury trial demand and timely moved to strike the pertinent language in the petition.

On June 18, 2001, the probate court held a hearing on Snyder's motion to strike. On June 22, 2001, after the hearing on Snyder's motion to strike and while the matter was still under advisement, Snyder amended her answer to raise for the first time two affirmative defenses, i.e., (1) the statute of limitations under South Carolina Code section 62–3–108,[3] and (2) lack of standing as to Bourne. On June 27, 2001, Bourne moved under South Carolina Code section 62–1–302[4] for removal of the proceedings to the circuit court.

The probate court filed a written order on July 12, 2001, granting Snyder's motion. In the order, the probate court found that all parties had waived the right to a jury trial and that no additional issues of fact or law were created by Bourne's petition.

On July 19, 2001, Snyder moved for summary judgment on the ground of the statute of limitations.

On November 1, 2001, the probate court issued orders denying (1) Bourne's motion for reconsideration on the issue of his right to a jury trial, (2) Bourne's motion to remove the case to the circuit court, and (3) Snyder's summary judgment motion. On October 2, 2002, the circuit court affirmed the

---

of the document, mistake in the document, and fraudulent or reckless inducement.

3. *See* S.C.Code Ann. § 62–3–108(3) (1987 and Supp. 2003) (''[A] proceeding to contest an informally probated will and to secure appointment of the person with legal priority for appointment in the event the contest is successful may be commenced within the later of eight months from the informal probate or one year from the decedent's death.).

4. *See id.* § 62–1–302(c) (stating circumstances under which probate court matters are removed to the circuit court).

probate court's decisions regarding Bourne's rights to a jury trial and removal of the case. Bourne's motion for reconsideration was denied May 12, 2003.

## LAW/ANALYSIS

■ 1. We address first Snyder's contention that the order issued by the probate court denying removal to the circuit court was not appealable. Snyder contends the order was not a "final order, sentence, or decree of a probate court" under South Carolina Code section 62–1–308(a)[5] and therefore could not be appealed to the circuit court. We disagree. Inasmuch as the probate court's denial of Bourne's motion to have the case considered by a jury in the circuit court impacted the mode of trial, it constituted a final order for the purpose of filing an appeal.[6]

■ 2. The probate court found that all parties, including Bourne, had waived the right to have the case removed to the circuit court. Bourne argues this was error. We agree.

The South Carolina Probate Code provides that "actions in which a party has a right to trial by jury and which involve an amount in controversy of at least five thousand dollars in value," "*must* be removed to the circuit court" for a trial de novo "on motion of a party, or by the court on its own motion, made not later than ten days following the date on which all responsive pleadings must be filed."[7]

We agree with Bourne that his request for removal was timely. Section 62–1–302 requires only that a motion for removal be made "not later than ten days following the date

---

**5.** *See id.* § 62–1–308(a) ("A person interested in a final order, sentence, or decree of a probate court and considering himself injured by it may appeal to the circuit court in the same county.").

**6.** *See Foggie v. CSX Transp.*, 313 S.C. 98, 103, 431 S.E.2d 587, 590 (1993) ("Issues regarding mode of trial must be raised in the trial court at the first opportunity, and the order of the trial judge is immediately appealable."); *Satcher v. Satcher*, 351 S.C. 477, 490, 570 S.E.2d 535, 542 (Ct.App.2002) ("Orders affecting the mode of trial affect substantial rights protected by statute and must, therefore, be immediately appealed.").

**7.** S.C.Code Ann. § 62–1–302(c)(5) (1987 and Supp. 2003) (emphasis added).

on which all responsive pleadings must be filed."[8]   In the present case, on June 22, 2001, the court had accepted without incident Snyder's amended answer to Bourne's petition.   Because Bourne's motion for removal was dated June 27, 2001, it fell within the time limit imposed by the South Carolina Probate Code.[9]

■   3.   We further agree with Bourne that the probate court erred in holding (1) because the pleading that he filed included a jury trial demand, it violated both Rule 24(c), SCRCP, and the oral order granting him leave to intervene;  and (2) Bourne was not entitled to a jury trial because he had waived this right.

Pleadings are governed by Part III of the South Carolina Rules of Civil Procedure, which includes Rules 7 through 16. None of these rules include any requirements concerning jury trials or otherwise suggest that a jury trial demand is part of a pleading.   The procedure for demanding a jury trial appears in Rule 38, SCRCP, which is included in Part VI, entitled "Trials."   Under Rule 38, the only circumstance constituting a waiver of this right is a party's failure "to serve a demand as required by this rule and to file it as required by Rule 5(d)."[10]

Rule 38(b) allows such a demand to be "endorsed upon a pleading of the party."[11]   The rule also allows a jury trial demand to be included in a separate document served up to ten days after the last pleading pertinent to the issue on which a jury trial is warranted.[12]

We agree with Bourne that an "endorsement," such as that allowed by Rule 38, is not a part of the pleading itself; therefore, including a jury trial demand in his petition did not violate Rule 24(c) or exceed what the probate court allowed

---

8.   *Id.* § 62-1-302(c).

9.   *See Hiers v. Mullens,* 310 S.C. 63, 66, 425 S.E.2d 57, 59 (Ct.App.1992) (holding a removal motion made more than ten days after the date of the original answer became timely upon the granting of the defendant's motion to amend her answer).

10.   Rule 38(d), SCRCP.

11.   *Id.* Rule 38(b).

12.   *Id.*

when it granted him leave to intervene. Had Bourne demanded a jury trial in a separate document, he would not have "altered" the pleading authorized by the probate court. There is no logical distinction between this method and the use of an endorsement on the face of the pleading to communicate a demand for a jury trial.

█ The probate court further concluded that all parties had waived their rights to a jury trial in this matter. Specifically, as to Bourne, the probate court noted that Ashford never filed any responsive pleadings or demanded a trial by jury at any time before she died and that the responsive pleading initially filed by Bourne on behalf of himself and Ashford's estate failed to include such a demand. We disagree with this reasoning.

The Probate Code further provides that "[t]he right to trial by jury exists in, but is not limited to, formal proceedings in favor of the probate of a will *or contesting the probate of a will.*" [13] Rule 38 of the South Carolina Rules of Civil Procedure likewise recognizes the fundamental importance of the right to a jury trial in a civil action.[14] Paragraph (b) of the rule further instructs any party demanding a jury trial on a particular issue to make this demand known "by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue" and provides that a jury trial demand "may be endorsed upon a pleading of the party." [15]

█ In this case, Bourne was dismissed from the litigation pursuant to Rule 41(a)(1) of the South Carolina Rules of Civil Procedure. This rule expressly provides that "[u]nless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice...." [16] Interpretations of the

---

13. S.C.Code Ann. § 62–1–306(a) (Supp. 2003) (emphasis added).

14. *See* Rule 38(a), SCRCP ("The right of trial by jury ... as given by a statute of South Carolina shall be preserved to the parties inviolate.").

15. *Id.* Rule 38(b).

16. *Id.* Rule 41(a)(1).

federal counterpart to this rule, which is essentially the same as the South Carolina version,[17] have suggested that a dismissal under circumstances such as those presented here has the effect of nullifying the prior pleadings of the party requesting the dismissal.[18] Based on this reasoning, we hold that Bourne's earlier participation as a defendant in this litigation did not compromise his right to demand a jury trial when he intervened as a petitioner in the case. Because the jury trial demand was contemporaneous with Bourne's petition to challenge the probate of Nesmith's will on the grounds of undue influence and lack of testamentary capacity, it was timely under Rule 38.[19]

**REVERSED AND REMANDED.**

ANDERSON and WILLIAMS, JJ., concur.

---

**17.** *See id.* Rule 41 historical notes ("This Rule 41 is the same as the Federal Rule, except that it requires service as well as filing the notice of voluntary dismissal by plaintiff if taken before answer or motion to dismiss is served.").

**18.** *See Sandstrom v. ChemLawn Corp.,* 904 F.2d 83, 86 (1st Cir.1990) (holding that a corporate defendant was not bound by a representation in a prior dismissed action between the same parties that it would concede personal jurisdiction and stating that "[a]bsent explicit conditions to the contrary . . . a voluntary dismissal under Fed.R.Civ.P. 41(a) wipes the slate clean, making any future lawsuit based on the same claim an entirely new lawsuit unrelated to the earlier (dismissed) action"); James F. Flanagan, *South Carolina Civil Procedure* 348 (2d ed. 1996) ("Voluntary dismissals under Rule 41(a) are not on the merits, unless otherwise stated in the order."); 9 Wright & Miller, *Federal Practice & Procedure 2d* § 2367, at 321 (1995) ("A voluntary dismissal without prejudice leaves the situation *as if the action had never been filed.*") (emphasis added); 35B C.J.S. *Federal Civil Procedure* § 775, at 41 (1960) (stating that a dismissal under Rule 41(a)(1), FRCP, unless otherwise stated in the notice of dismissal or stipulation, is without prejudice unless the party requesting dismissal has previously dismissed an action based on the same claim).

**19.** Although Snyder unsuccessfully moved for summary judgment on the ground that Bourne's petition was untimely, the denial of her motion does not prevent her from raising this defense on remand. *See Ballenger v. Bowen,* 313 S.C. 476, 477, 443 S.E.2d 379, 380 (1994) ("The denial of summary judgment does not establish the law of the case, and the issues raised in the motion may be raised again later in the proceedings by a motion to reconsider the summary judgment motion or by a motion for a directed verdict.").