THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Furman Edward Fulmer, Jewel F. Oxner, Carolyn F. Garner, Sandra F.
Metts, and Faye F. Cannon, Respondents,
v.
Janette F. Cain, Appellant.
 
 
 

 
 
 
Jewel Oxner, As the Personal Representative of the Estate of Mary F. Fulmer, deceased,
Respondent,
v.
Janette F. Cain, Appellant.
 
 
 

Appeal From Newberry County
 Wyatt T. Saunders, Jr, Circuit Court Judge

Unpublished Opinion No. 2006-UP-256
Submitted May 1, 2006  Filed May 19, 2006

VACATED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
Adele Jeffords Pope, of Columbia; for Appellant.
Pope D. Johnson III, of Columbia; Samuel M. Price, Jr., of Newberry; for Respondents.
 
 
 

PER CURIAM:  This appeal concerns the probate courts refusal to remove a formal testacy action to the circuit court.  The circuit court affirmed the denial of the removal.  We vacate in part, reverse in part, and remand.[1]
FACTS AND PROCEDURAL HISTORY
Mary Fulmer died April 29, 2002, at age 88, survived by her six children.  In a will dated July 2, 1998, Mrs. Fulmer left her daughter, appellant Janette Cain, 10.59 acres of real estate, with the rest of her real estate to be divided among her other five children and her residuary estate to be equally divided among all six children.  She also designated another daughter, respondent Jewel Oxner, to be the personal representative of her estate. 
On December 20, 2002, Oxner, in her capacity as personal representative of Mrs. Fulmers estate, filed an action in the probate court against Cain.  In her complaint, Oxner sought to set aside the transfer of funds in certain accounts to which Cain and their late mother held joint title, asserted a cause of action for fraud against Cain, and initiated a formal proceeding to set aside a handwritten codicil purportedly executed by Mrs. Fulmer on September 15, 2000,[2] by which she devised additional real property to Cain.  Cain counterclaimed for Oxners removal as personal representative, damages for waste, and the issuance of deeds of distribution.  Cain did not seek to remove this action to the circuit court.  
On February 28, 2003, the respondents in this appealOxner and Mrs. Fulmers other four childrenfiled a petition in the probate court for formal testacy and other relief, naming Cain as party-defendant.  The petition included a jury trial demand.  That same day, Respondents filed an addendum to their petition challenging the validity of the codicil and asserting causes of action against Cain for breach of contract and fraud in the inducement, breach of confidential or fiduciary relationship, tortious interference with a contract, and tortious interference with inheritance rights.  They also moved to consolidate their action with the case that Oxner had filed on behalf of Mrs. Fulmers estate.  On March 4, 2003, Cain moved to remove the second action to the circuit court and to dismiss it pursuant to Rule 12(b),
SCRCP.  
After a hearing on July 17, 2003, the probate court (1) granted Respondents motion to consolidate the two actions; (2) denied Cains motion to remove the action to the circuit court; and (3) granted Cains motion to dismiss the cause of action for interference with an inheritance; (4) otherwise denied Cains motion to dismiss.
On cross-appeals from the probate courts ruling, the circuit court reversed the dismissal of the cause of action for interference with an inheritance and affirmed the probate courts decisions to consolidate the two actions and to deny Cains motion to remove the second action to the circuit court.  Cain appeals.  
STANDARD OF REVIEW
The South Carolina Probate Code governs appeals from the probate court.[3]  Under South Carolina Code section 62-1-308(a), a person interested in a final order, sentence, or decree of a probate court and considering himself injured by it may appeal to the circuit court in the same county.[4]  The circuit court, in determining the appeal, must apply the same standard of review as an appellate court would apply.[5]
LAW/ANALYSIS
1.  Respondents argue the order Cain challenges is interlocutory and does not fall within any of the categories of appealable judgments, decrees, or orders.[6]  We agree the order is interlocutory; however, based on our review of the pleadings filed in this case, we conclude it is nevertheless appealable because it has the effect of denying Cain a mode of trial to which she is entitled.[7]
The South Carolina Probate Code provides certain actions filed in the probate court must be removed to the circuit court upon a timely motion by any party.[8]  These actions include formal proceedings for the probate of wills and for the appointment of personal representatives[9] and actions in which a party has a right to trial by jury and which involve an amount in controversy of at least five thousand dollars in value.[10]  Although, as Respondents argue, jury trials are available in the probate court,[11] the commentary to the pertinent statutory provisions suggests the legislature contemplated that the mode of trial to which an interested litigant was entitled as a matter of right includes the particular tribunal designated to adjudicate the matter.[12]  Unlike a venue order, which affects only the location of the tribunal and is therefore not appealable, the denial of Cains motion to remove the matter to the circuit court involves the tribunal itself.  Moreover, we cannot overlook the significance of the fact that, although the South Carolina General Assembly in 1988 amended the statute governing jury trials in the probate court to state that [t]he right to trial by jury exists in, but is not limited to proceedings in favor of the probate of a will or contesting the probate of a will,[13] it left the right of removal to the circuit court intact.  
2.  Respondents contend Cains failure to appeal the probate courts finding that she had waived her right to remove the second lawsuit by failing to request removal of the first action warrants dismissal of this appeal under the law of the case doctrine.  We disagree.  Cains motion to remove was based on section 62-1-302, which, as evident from its heading, concerns the [s]ubject matter jurisdiction of the probate court.  Cains alleged failure to appeal the probate courts finding of a waiver should not bar her from raising this issue on appeal.[14]  In any event, we agree with Cain that her first ground of appeal to the circuit court adequately encompassed the issue of waiver.[15]
3.  Respondents further argue Cains appeal is moot because their counsel stipulated that if this Court were to remand the consolidated actions to the Probate Court, they would not oppose [Cains] removal of the consolidated actions to this Court once the Personal Representative amended her pleadings.  We disagree.  At best, the stipulation would control only Respondents actions.  It does not guarantee that the probate court would grant the removal even without opposition from Respondents.  Because we are called to determine whether removal to the circuit court was mandatory irrespective of whether there is opposition from another party to the litigation, our judgment, when rendered, will have a practical legal effect upon [the] existing controversy.[16]  Contrary, then, to Respondents assertion, Cains appeal is not moot.
4.  We agree with Cain that the circuit court erred in affirming the probate courts denial of her motion for removal.  [N]otwithstanding the exclusive jurisdiction of the probate court over certain matters, the South Carolina Probate Code specifically allows litigants to request removal of cases pending in the probate court to circuit court.[17]  Provided the motion for removal is timely, removal to the circuit court is not a matter of discretion for the probate court; rather, it must occur if the causes of action requested for removal relate to certain subject matters, among them formal proceedings for the probate of wills and the appointment of personal representatives[18] and actions in which a party has a right to a jury trial and which involve an amount in controversy of at least five thousand dollars in value.[19]  There is no allegation in the present case that Cains motion to remove was untimely or that the cause of action for which she sought removal did not relate to at least one of the subject matters enumerated in South Carolina Code section 62-1-302(c).
5.  Respondents correctly point out that Cain did not request removal of the action that Oxner filed against her on behalf of the estate.  We, however, agree with Cain that this failure does not amount to a waiver of her right to remove the later action that Respondents filed against her.  
We agree there may have been some overlap in the issues raised in the two lawsuits.  Nevertheless, whereas the initial action was ostensibly brought to recover assets for Mrs. Fulmers estate, the second action included a claim by her purported beneficiaries for recovery of actual and punitive damages for themselves, not their mothers estate.  Under these circumstances, the two actions are not related in such a way that Cains failure to request removal of the first one would constitute a forfeiture of her right to have the subsequent one transferred to the circuit court pursuant to section 62-1-302.[20]
6.  We further agree with Cain that the probate court erred in ruling on any matter other than removal to the circuit court and hold the circuit court should have vacated any such rulings.  The probate code expressly requires that, upon removal, the circuit court shall proceed upon the matter de novo.[21]  
 VACATED IN PART, REVERSED IN PART, AND REMANDED.
HEARN, C.J., and GOOLSBY and ANDERSON, JJ., concur.

[1]  Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.
[2]  This date is taken from Oxners complaint.  The appealed order states the codicil is stated July 15, 2002, which is inconsistent with the fact that Mrs. Fulmer died April 29, 2002.
[3]  Golini v. Bolton, 326 S.C. 333, 337, 482 S.E.2d 784, 786 (Ct. App. 1997).
[4]  S.C. Code Ann. § 62-1-308(a) (Supp. 2005).
[5]  In re Howard, 315 S.C. 356, 360, 434 S.E.2d 254, 257 (1993); In re Estate of Weeks, 329 S.C. 251, 261, 495 S.E.2d 454, 460 (Ct. App. 1997).
[6]  See S.C. Code Ann. § 14-3-330 (1976 and Supp. 2005) (listing the types of cases within the appellate jurisdiction of the supreme court and, presumably, the court of appeals).
[7]  See C&S Real Estate Servs. v. Massengale, 290 S.C. 299, 300, 350 S.E.2d 191, 192 (1986) (An order denying a party a jury trial is not immediately appealable unless it deprives him of a mode of trial to which he is entitled as a matter of right.); Truluck v. Snyder, 362 S.C. 108, 113, 606 S.E.2d 792, 794 (Ct. App. 2004) (holding the probate courts denial of a motion to have a case considered by a jury in the circuit court impacted the mode of trial and was therefore appealable).
[8]  S.C. Code Ann. § 62-1-302(c) (1987), as amended, 1990 S.C. Acts 521 § 8 (emphasis added).  This subsection was amended in 2005 and redesignated as subsection(d).  Because the proceedings at issue in this appeal took place before the 2005 amendments to the probate code, the citations here will be to either the 1987 version of Title 62 or the appropriate volume of the South Carolina Acts and Joint Resolutions.
[9]  Id. § 62-1-302(c)(1) (1987).
[10] Id. § 62-1-302(c)(5).
[11] Id. § 62-1-306 (1987 and Supp. 2005).
[12] Most notably, the Reporters Comments to South Carolina Code section 62-1-302 state the following:

It should be noted that the probate court has exclusive original jurisdiction over the matters enumerated in this section.  This means, when read with other Code provisions . . . that matters within the original jurisdiction of the probate court must be brought in that court, subject to certain provisions made for removal to the circuit court . . . on the motion of any party. 

Id. § 62-1-302 Reporters Comments (1987) (emphasis added).  Cf. Glidewell v. Martin, 11 S.W. 882, 885 (Ark. 1889) (stating the word mode means place as well as manner of trial).
[13] S.C. Code Ann. § 62-1-306 (1987), as amended, 1988 Acts 659, § 4.
[14] See Amisub of S.C. v. Passmore, 316 S.C. 112, 114, 447 S.E.2d 207, 208 (1994) (Lack of subject matter jurisdiction may not be waived and should be taken notice of by this Court.); Riggs v. Riggs, 353 S.C. 230, 236 n.3, 578 S.E.2d 3, 6 n.3 (Ct. App. 2003) (determining, based on Amisub, that the issue of the family courts jurisdiction was properly before the court of appeals).
[15] The ground of appeal is stated as follows:  The Court erred in denying Appellants timely filed Motion for Removal of this action to Circuit Court because it was removable under South Carolina Probate Code 62-1-302(c).  
[16] Mathis v. S.C. State Highway Dept, 260 S.C. 344, 346, 195 S.E. 2d 713, 715 (1973).
[17] S.C. Code Ann. § 62-1-302(c) (1987), as amended, 1990 S.C. Acts 521 § 8.
[18] Id. § 62-1-302(c)(1) (1987).
[19] Id.
§ 62-1-302(c)(5).
[20] See id. § 62-1-302(e) (Supp. 2005) (The removal to the circuit court of an action or proceeding within the exclusive jurisdiction of the probate court applies only to the particular action or proceeding removed, and the probate court otherwise retains exclusive jurisdiction.); Cotty v. Yartzeff, 309 S.C. 259, 262, 422 S.E.2d 100, 102 (1992) (Under the South Carolina Probate Code, except administration under Part 5, each . . . proceeding before the court is independent of any other proceeding involving the same estate . . . .) (quoting S.C. Code Ann. § 62-3-107 (1987)).
[21] See S.C. Code Ann. § 62-1-302(c) (1987), as amended, 1990 S.C. Acts 521 § 8.