670 S.E.2d 652

Furman Edward FULMER, Jewel F. Oxner, Carolyn F. Garner, Sandra F. Metts, and Faye F. Cannon, Petitioners,

v.

Janette F. CAIN, Respondent.

Jewel Oxner, As the Personal Representative of the Estate of Mary F. Fulmer, deceased, Petitioner,

v.

Janette F. Cain, Respondent.

No. 26572.

Supreme Court of South Carolina.

Heard Oct. 21, 2008.

Decided Dec. 15, 2008.

Pope D. Johnson, III, of Johnson & Barnette, of Columbia, Samuel M. Price, Jr., of Newberry, for Petitioner.

Adele Jeffords Pope, of Columbia, for Respondent.

Justice WALLER:

We granted a writ of certiorari to review the Court of Appeals' opinion in *Fulmer v. Cain,* Op. No.2006-UP-256-256 (S.C. Ct.App. filed May 19, 2006). We reverse.

## FACTS

This is a dispute between siblings over the will of their mother, Mary Fulmer, who died on April 29, 2002. The petitioners are Jewel Oxner, one of Mary Fulmer's children and the Personal Representative of Mary's estate, and four of Jewel's five siblings. Respondent is Janette Cain, the remaining sibling. In her 1998 will, Mary bequeathed 10.59 acres of property to Cain; Fulmer's remaining real estate was to be divided equally among the remaining siblings. By a 2002 addendum/codicil, Mary bequeathed her house and pecan trees to Cain.

In December 2002, after Mary's death, Jewel Oxner, as Personal Representative of the estate, brought an action in probate court to set aside the transfer of funds in certain bank accounts which were jointly held by Mary and Cain; Oxner also alleged fraud and sought to have the codicil set aside. Cain counterclaimed for Oxner's removal as personal representative, and sought damages for waste, and the issuance of deeds of distribution.

In February 2003, Oxner and her remaining siblings filed a petition for formal testacy in probate court, challenging the validity of the codicil, and listing Cain as defendant. Attached to the Petition, the siblings filed a complaint against Cain, reiterating the allegations of Oxner's earlier complaint, seeking to set aside the codicil and alleging fraud. The complaint also alleged causes of action for tortious interference with a contract and tortious interference with inheritance rights. The siblings requested consolidation with the action previously filed by Oxner. Cain moved to remove the siblings' action to circuit court; she also moved to dismiss the siblings' action on the ground that another formal testacy matter related to the same subject matter was pending between the parties.

The probate court denied Cain's motions to remove and to dismiss, finding Cain had waived her right to remove the siblings' action by failing to remove the action instituted by Oxner as personal representative; the probate court granted the siblings' motion to consolidate.

Cain appealed, and the circuit court affirmed, without prejudice to Cain's right to remove the consolidated action after the personal representative filed an amended pleading in the probate court. In an unpublished opinion, the Court of Appeals held the order, although interlocutory, was immediately appealable inasmuch as it denied Cain a mode of trial to which she was entitled.

## ISSUE

Did the Court of Appeals err in ruling the order denying Cain's motion to remove was immediately appealable?

## DISCUSSION

■ Appeal may be taken, as provided by law, from any final judgment, appealable order or decision. Rule 201, SCACR. Accord *Culbertson v. Clemens*, 322 S.C. 20, 471 S.E.2d 163 (1996) (general rule that only final orders are appealable). Appeals from the probate court are governed by S.C.Code Ann. § 62–1–308 (Supp.2007), which provides, in pertinent part:

Except as provided in subsection (g),[1] appeals from the probate court must be to the circuit court and are governed by the following rules:

(a) A person interested in a **final order, sentence, or decree of a probate court** and considering himself injured by it may appeal to the circuit court in the same county.

Emphasis supplied. The order denying Cain's motion to remove is not a final order, and is therefore not reviewable under S.C.Code Ann. § 62–1–308.

■ The Court of Appeals found that, although the order on appeal was interlocutory, it was nonetheless immediately

---

1. Section 62–1–308(g) allows the parties, under certain conditions, to consent to a direct appeal to this Court. They did not do so in the present case.

appealable because it denied Cain a mode of trial to which she was entitled. The Court of Appeals relied upon its opinion in *Truluck v. Snyder*, 362 S.C. 108, 606 S.E.2d 792 (Ct.App.2004). *Truluck* was wrongly decided. There, the Court of Appeals held the probate court's order denying the plaintiff's motion to remove a matter to circuit court was "a final order for purposes of filing an appeal" (under S.C.Code Ann. § 62–1–308), because it impacted the mode of trial. 362 S.C. at 113, 606 S.E.2d at 794. However, jury trials are available in the probate court. *See* S.C.Code § 62–1–306. Contrary to the Court of Appeals' holding in *Truluck*, the order denying the plaintiff's motion to remove was not a final, appealable order.

■ The cases of this Court permitting an appeal from the denial of the mode of trial to which a party is entitled are distinguishable. *Salmonsen v. CGD, Inc.*, 377 S.C. 442, 661 S.E.2d 81 (2008); *Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 72, 533 S.E.2d 331, 333 (2000); *Hagood v. Somerville*, 362 S.C. 191, 607 S.E.2d 707 (2005); *Creed v. Stokes*, 285 S.C. 542, 331 S.E.2d 351 (1985). As Justice Pleicones noted in his dissent in *Salmonsen*, "the 'mode of trial' exception to the general rule that only final orders are appealable is confined to orders which abridge a party's constitutional right to trial by jury." 377 S.C. at 461, 661 S.E.2d at 91. Here, there has been no abridgment of Cain's right to a jury trial.

The Court of Appeals erred in holding the order denying Cain's motion to remove was immediately appealable because it is not a final order, as required by S.C.Code Ann. § 62–1–308. *Cf. Woodard v. Westvaco*, 319 S.C. 240, 460 S.E.2d 392 (1995) (order denying a motion to dismiss for lack of subject matter jurisdiction does not finally determine anything and is not immediately appealable); *Breland v. Love Chevrolet*, 339 S.C. 89, 529 S.E.2d 11 (2000) (order denying a motion to change venue is not immediately appealable); *Ballenger v. Bowen*, 313 S.C. 476, 477–78, 443 S.E.2d 379, 380 (1994) (order denying a motion for summary judgment is not appealable). Accordingly, we reverse and remand to the probate court.

**REVERSED AND REMANDED.**

PLEICONES, BEATTY and KITTREDGE, JJ., concur.

TOAL, C.J., concurring in a separate opinion.

**Chief Justice TOAL:**

I agree with the majority's holding that this interlocutory order was not immediately appealable. I write separately, however, to express my view that the probate court properly consolidated the two cases. Both matters involve the estate of Mary Fulmer, similar questions of law and fact exist, and consolidation of the actions will promote judicial economy and reduce the risk of inconsistent rulings. Furthermore, it is my view that considering the nature of this consolidated action, Respondent has an absolute right to remove this case to circuit court following the personal representative's amendment to the pleading. Not only does the consolidated action relate to an amount in controversy of at least $5,000, but also it involves a formal proceeding for the probate of Fulmer's will. *See* S.C.Code Ann. § 62–1–302(d)(1) and (5) (2007) (providing that any action or proceeding filed in the probate court and relating to formal proceedings for the probate of wills and actions in which a party has a right to trial by jury and which involve an amount in controversy of at least five thousand dollars in value must be removed to the circuit court).