THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Max E.
 Matthews, as Co-Personal Representative of the Estate of Tillman B. Matthews,
 Sr., Appellant,
 
 
 
 
 

v.

 
 
 
 
 Ann J.
 Matthews, South Carolina Bank and Trust, First Citizens Bank, and Charles J.
 Matthews, Respondents.
 
 
 
 
 

Appeal From Richland County
 G. Thomas Cooper, Jr., Circuit Court
Judge

Unpublished Opinion No. 2010-UP-361
 Submitted April 1, 2010  Filed July 12,
2010    

AFFIRMED

 
 
 
 Matthew E. Steinmetz of Columbia, for
 Appellant.
 Charles J. Hupfer, Jr., of Florence, E.
 LeRoy Nettles, Sr., of Lake City; Thomas E. Lydon, W. Cliff Moore, and John D.
 Hudson, Jr., all of Columbia, for Respondents.
 
 
 

PER CURIAM: Max
 E. Matthews, as co-personal representative of the estate of Tillman B. Matthews,
 Sr. appeals the trial court's order dismissing his action against Ann J.
 Matthews, South Carolina Bank and Trust (SCB&T), First Citizens Bank, and
 Charles J. Matthews (collectively Respondents).[1] 
 We affirm.[2]
FACTS/PROCEDURAL
 HISTORY
Tillman died testate on June
 6, 2004 at the age of 94.  His will was admitted to informal probate in
 Florence County on July 15, 2004.  In his will, Tillman appointed his sons from
 a prior marriage, Max, Charles, and Tillman Jr.[3] as the corepresentatives of his estate.  Charles submitted an inventory to the
 probate court on February 3, 2005 verified only by himself because Max refused
 to verify it.  
In September of 2005, Max
 filed a petition in probate court asserting the inventory was false in that it
 significantly understated the value of the estate and omitted items of personal
 property and funds Max believed Tillman owned at the time of his death.  He
 claimed Tillman's widow, Ann, had used a power of attorney while Tillman was
 "incapacitated, blind, and vulnerable" to move funds into accounts in
 her name and thus received funds from bank accounts that should have passed
 under the residuary clause of the will.  He asserted Ann and others utilized
 efforts to pay herself funds to which she was not entitled, including
 certificates of deposit at SCB&T.  He also claimed she and others entered
 into Tillman's safe deposit box at First Citizens Bank after his death without
 all personal representatives or a bank officer being present.  He asseverated
 all of Ann's financial transactions with Tillman are null and void.  He alleged
 she had been communicating with Charles about closing the estate quickly.  Max
 also filed a petition to remove Charles as personal representative.
Max, acting as corepresentative
 of the estate of his father, subsequently brought the present action against
 Ann, Charles, SCB&T. and First Citizens Bank in the court of common pleas
 for Richland County.  In his complaint, Max made similar allegations as he did in
 his probate court petition.  He asserted causes of action against Ann and the
 banks for breach of fiduciary duties in connection with the durable power of
 attorney, influenced transactions prior to the power of attorney, conversion,
 negligence per se, and violation of the Omnibus Adult Protection Act.  In
 addition, he asserted a cause of action for conspiracy against all of the
 defendants, constructive trust against Ann, and violation of the South Carolina
 Unfair Trade Practices Act (SCUTPA) against the banks.  
All of the defendants
 answered.  Ann, Charles, and First Citizens each filed motions to dismiss. 
 After a hearing, the trial court dismissed the case.  The court held it did not
 have jurisdiction because the matters alleged in the complaint were directly
 related to the administration of the estate and were in the original
 jurisdiction of the Probate Court of Florence County.  Max filed a motion to
 reconsider, which the court denied.  
He then timely appealed to
 this court.  During the pendency of the appeal, a dispute arose regarding
 whether the court's order, which referenced only Ann's motion to dismiss, applied
 to just Ann or to all defendants.  This court granted Max's motion for a remand
 to seek clarification of the order.  On remand, the trial court held the action
 was dismissed as to all defendants.  Max served and filed a timely appeal of
 this order.
STANDARD OF REVIEW
"The question of subject
 matter jurisdiction is a question of law for the court."  Capital City
 Ins. Co. v. BP Staff, Inc., 382 S.C. 92, 99, 674 S.E.2d 524, 528 (Ct. App.
 2009).  Thus, when reviewing the trial court's grant of a motion to dismiss for
 lack of subject matter jurisdiction pursuant to Rule 12(b)(1), SCRCP, this
 court is free to decide questions of law with no deference to the trial court.  Id.
LAW/ANALYSIS
1. Exclusive jurisdiction of
 probate court
Max argues the circuit court
 erred in holding the probate court had exclusive jurisdiction over the action. 
 We disagree.  
The South Carolina Probate
 Code confers exclusive original jurisdiction to the probate court over all
 subject matter related to estates of decedents.  S.C. Code Ann. § 62-1-302(a)(1)
 (2009) (providing probate court has exclusive original jurisdiction over all
 subject matter related to "estates of decedents, including the contest of
 wills, construction of wills, and determination of heirs and successors of
 decedents and estates of protected persons").  An action requesting
 settlement of a claim owed by and to an estate must be originated in the
 probate court.  Anderson v. Anderson, 299 S.C. 110, 115, 382 S.E.2d 897,
 900 (1989).  
Max asserts the probate court
 lacks subject matter jurisdiction over tort actions.  He claims:  "Indeed,
 if the decision of the lower court dismissing [his] Complaint is upheld, such
 will set a new precedent requiring that all civil actions brought on behalf of
 estates or beneficiaries, including actions for wrongful death, must be brought
 first in the Probate Court."  The probate code specifically addresses the
 circuit court's concurrent jurisdiction for wrongful death and survival
 actions.[4] 
 In addition, while certain claims must originate in probate court, they may be
 removed to circuit court pursuant to section 62-1-302(d), which provides in
 part:

 Notwithstanding
 the exclusive jurisdiction of the probate court over the foregoing matters, any
 action or proceeding filed in the probate court and relating to the following
 subject matters, on motion of a party, or by the court on its own motion, made
 not later than ten days following the date on which all responsive pleadings
 must be filed, must be removed to the circuit court and in these cases the
 circuit court shall proceed upon the matter de novo:
 .
 . .
 (5) actions in which a party has a right to trial by
 jury and which involve an amount in controversy of at least five thousand
 dollars in value. . . . 

S.C. Code Ann. § 62-1-302(d)
 (2009 & Supp. 2009).  
In his response to Ann's and
 Charles' motions to dismiss, Max acknowledged this section was applicable to
 the present case even though he had originated his claim in circuit court
 rather than filing it in probate court and seeking removal to circuit court
 pursuant to the statute.  We find no merit to Max's assertion that the probate
 court does not have jurisdiction over tort actions when those actions are related
 to estates of decedents.  See also Fulmer v. Cain, 380 S.C. 466,
 471, 670 S.E.2d 652, 655 (2008) (Toal, C.J., concurring) (agreeing order
 denying removal was not immediately appealable but noting appellant had an
 absolute right to remove the case to circuit court for causes of action
 including tortious interference with a contract and tortious interference with
 inheritance rights); Mayer v. M.S. Bailey & Son, 347 S.C. 353, 357-58,
 555 S.E.2d 406, 408 (Ct. App. 2001) (noting action against bankers for breach
 of contract, breach of contract accompanied by fraudulent act, breach of
 fiduciary duty, and violation of the SCUTPA concerning administration of trust
 filed in circuit court had been dismissed without prejudice for lack of
 jurisdiction before it was brought in probate court).  
Max brought the present
 action on behalf of the estate.  His claims are based on Ann's alleged
 transformation of probate assets into non-probate assets and removal of assets
 from the estate after Tillman's death.  He sought a determination of assets
 belonging to the estate, a return of the assets allegedly taken, and damages
 arising from the alleged removal.  We hold these claims fall within the probate
 court's exclusive original jurisdiction over all subject matter related to
 estates of decedents.  Accordingly, the trial court did not err in dismissing
 Max's claims. 
2.  Max's lack of authority
 to bring action as corepresentative
The Respondents contend as an
 additional sustaining ground this court should find Max did not have the authority
 to bring this action without the concurrence of his corepresentative, Charles. 
 The Probate Code provides: "If two or more persons are appointed
 corepresentatives and unless the will provides otherwise, the concurrence of
 all is required on all acts connected with the administration and distribution
 of the estate."  S.C. Code Ann. § 62-3-717 (2009).  
In his reply brief, Max only
 contends this issue is not properly before the court because it was not raised
 to or ruled on by the trial court.  However, this court may affirm for any
 reason appearing in the record.  Rule 220(c), SCACR ("The appellate court
 may affirm any ruling, order, decision or judgment upon any ground(s) appearing
 in the Record on Appeal."); I'On, L.L.C. v. Town of Mount Pleasant,
 338 S.C. 406, 419, 526 S.E.2d 716, 723 (2000) ("Under the present rules, a
 respondent-the 'winner' in the lower court-may raise on appeal any additional
 reasons the appellate court should affirm the lower court's ruling, regardless
 of whether those reasons have been presented to or ruled on by the lower court."). 
 Accordingly, we hold we may consider this issue.  
Max did not bring this action
 individually but was solely acting as the corepresentative of the estate.  He
 did not have the concurrence of Charles, his corepresentative, to bring the
 action.  Thus, under section 62-3-717, he did not have the authority to bring
 the action.  
CONCLUSION
We find no error in the trial
 court's dismissal of Max's complaint.  Accordingly, the order of the trial court
 is 
AFFIRMED.[5]
HUFF,
 THOMAS, and KONDUROS, JJ., concur.

[1] The Matthews family members are referred to by their first names.  
[2] We decide this case without oral argument
 pursuant to Rule 215, SCACR.
[3] Tillman Jr. passed away in September of 2004.
[4] "The court's jurisdiction over matters involving wrongful death or actions
 under the survival statute is concurrent with that of the circuit court and
 extends only to the approval of settlements . . . and to the allocation of
 settlement proceeds among the parties involved in the estate."  S.C. Code
 Ann. § 62-1-302(b) (2009).
[5] SCB&T and First Citizens Bank assert the
 appeal should be dismissed because Max failed to preserve the issue of the
 identity of the parties to whom the trial court's original order applied by not
 seeking clarification in his motion to alter or amend.  Max served all parties
 with his notice of appeal of the trial court's December 2006 and January 2007
 orders.  Thus, he timely appealed as to all parties.  Max does not dispute on
 appeal the identity of the parties to whom the dismissal applied.  We find this
 argument to be without merit.