# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Daniel B. Dorn, in his capacity as the Parent and Natural guardian of E.D., R.D., and Y.D., Petitioner,

v.

Paul S. Cohen and Susan Cohen, Individually and in their capacity as the Co-Conservators of the person of Abbie Ilene Dorn, a protected person and ward, and in their capacity as Co-Trustees of the Abbie Dorn Special Needs Trust, Respondents.

Paul S. Cohen, M.D. and Susan Cohen, Respondents,

v.

E.D., R.D., and Y.D., The Living Issue of Abbie Ilene Dorn, and the South Carolina Department of Health and Human Services, Respondents below,

Of whom E.D., R.D., and Y.D., The Living Issue of Abbie Ilene Dorn are the Petitioners,

and

the South Carolina Department of Health and Human Services is a Respondent.

In Re: The Abbie Dorn Special Needs Trust.

Appellate Case No. 2016-002393

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Opinion No. 27757
Submitted November 29, 2017 – Filed December 20, 2017

**AFFIRMED AS MODIFIED**

John A. Massalon and Christy Ford Allen, both of Wills
Massalon & Allen, LLC, and Daniel S. Slotchiver, of
Slotchiver & Slotchiver, LLP, all of Charleston, for
Petitioners.

John Kachmarsky, of Law Office of John Kachmarsky,
of Charleston; Virginia Lee Moore, of Moore Johnson &
Saraniti Law Firm, PA, of Surfside Beach; Bret Harlan
Davis and Reese Rodman Boyd, III, of Davis & Boyd,
LLC, of Myrtle Beach; Lynette Rogers Hedgepath, of
The Hedgepath Law Firm, PA, of Conway; and Shealy
Boland Reibold, of Columbia,  all for Respondents.

**PER CURIAM:** Petitioners seek a writ of certiorari to review the court of appeals'
decision in *Dorn v. Cohen*, 418 S.C. 126, 791 S.E.2d 313 (Ct. App. 2016).  We
grant the petition, dispense with further briefing, and affirm the court of appeals'
decision as modified.

Petitioner Daniel Dorn filed a petition in the probate court to remove respondents
Paul and Susan Cohen as the co-trustees of a Trust established for the care of
Dorn's ex-wife, Abbie Dorn, and further sought a temporary restraining order
(TRO) to prevent the Cohens from spending Trust money for any purpose other
than Abbie's medical care.  The Cohens subsequently filed a petition to affirm legal
fees paid by the Trust and to reform the terms of the Trust.

Following a hearing, the probate court denied Dorn's request for a TRO and
consolidated both petitions, requiring the Cohens to amend their petition to name
Dorn, Abbie's minor children, and the South Carolina Department of Health and

Human Services as parties. The probate court appointed a guardian ad litem (GAL) to represent the children, and appointed both a GAL and an attorney to represent Abbie.

The petitions were tried together, and on the final day of trial, petitioner Dorn challenged Abbie's status as a party, arguing Abbie was not named in his petition and should not be allowed to present witnesses. The probate court found that, while Abbie was not named as a party, she was an indispensable party to both actions because the actions sought changes to her Trust, and the purpose of appointing Abbie a GAL and counsel was to represent her interests in the matter.

The probate court subsequently issued an order adding Abbie as a party to both petitions pursuant to Rule 19, South Carolina Rules of Civil Procedure. Petitioner appealed, and the circuit court dismissed the appeal as interlocutory.

The court of appeals affirmed the circuit court's dismissal of the appeal as interlocutory pursuant to S.C. Code Ann. § 14-3-330 (2017). Relying on *Morrow v. Fundamental Long-Term Care Holdings, LLC*, 412 S.C. 534, 773 S.E.2d 144 (2015), the court of appeals found the appealability of the probate court's order was determined by section 14-3-330, which governs appeals from the trial court. The court of appeals applied *Morrow* and *Neeltec Enters., Inc. v. Long*, 397 S.C. 563, 725 S.E.2d 926 (2012), in finding the probate court's order did not affect petitioners' substantial rights under section 14-3-330(2).

We find the court of appeals erred in applying section 14-3-330 in determining whether the probate court order was immediately appealable. Appeals from the probate court are governed by section 62-1-308 of the Probate Code, which provides the following, in pertinent part:

> Except as provided in subsection (1), appeals from the probate court must be to the circuit court and are governed by the following rules:
>
> (a) A person interested in a final order, sentence, or decree of a probate court may appeal to the circuit court in the same county, subject to the provisions of Section 62-1-303.

S.C. Code Ann. § 62-1-308(a) (Supp. 2017); *see Ex parte Wilson*, 367 S.C. 7, 625 S.E.2d 205 (2005) ("*Absent some specialized statute*, the immediate appealability

of an interlocutory or intermediate order depends on whether the order falls within § 14–3–330." (emphasis added)).

Because the probate court's order adding a party to the action was not a final order, the order was not immediately appealable pursuant to section 62-1-308. *See Fulmer v. Cain*, 380 S.C. 466, 670 S.E.2d 652 (2008) (holding only final orders from the probate court are appealable under section 62-1-308).

Accordingly, we vacate the court of appeals' analysis, and affirm the dismissal of the appeal by the circuit court on the grounds set forth above.

**AFFIRMED AS MODIFIED**


**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**