**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In Re: Trust EIP Created Under the Last Will and Testament of Eunice I. Page Dated October 14, 1992,

Richard S. Henson and Vann Kenneth Henson, Respondents,

v.

Albert T. Henson, Jr. and Julian Reid Henson, Respondents in the Court below,

Of Whom Albert T. Henson is the Appellant.

Appellate Case No. 2017-000095

Appeal From Dorchester County
Edgar W. Dickson, Circuit Court Judge

Unpublished Opinion No. 2018-UP-244
Submitted May 1, 2018 – Filed June 13, 2018

**AFFIRMED**

Daniel Francis Blanchard, III, of Rosen Rosen & Hagood, LLC, of Charleston, for Appellant.

Paul M. Lynch, Trudy Hartzog Robertson, and E. Brandon Gaskins, all of Moore & Van Allen, PLLC, of Charleston, for Respondents.

––––––––––

**PER CURIAM:** Albert Henson, Jr. appeals a circuit court order dismissing his appeal of a probate court order. On appeal, Henson argues the circuit court erred in holding the probate court order was not immediately appealable because the probate court order (1) affected a substantial right made in a special proceeding under section 14-3-330(3) of the South Carolina Code (2016) and (2) granted, continued, or refused an injunction under section 14-3-330(4) of the South Carolina Code (2016). We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

As to the appealability of the probate court order: *Lollis v. Dutton*, 421 S.C. 467, 477, 807 S.E.2d 723, 728 (Ct. App. 2017) ("This [c]ourt reviews all questions of law de novo." (alteration in original) (quoting *Fesmire v. Digh*, 385 S.C. 296, 302, 683 S.E.2d 803, 807 (Ct. App. 2009))); *Ex parte Wilson*, 367 S.C. 7, 13, 625 S.E.2d 205, 208 (2005) ("*Absent some specialized statute*, the immediate appealability of an interlocutory or intermediate order depends on whether the order falls within [section] 14-3-330." (emphasis added)); *Fulmer v. Cain*, 380 S.C. 466, 469, 670 S.E.2d 652, 654 (2008) ("Appeals from the probate court are governed by [section 62-1-308 of the South Carolina Code (2009 & Supp. 2017)]."); § 62-1-308(a) (providing "a person interested in a *final* order, sentence, or decree of a probate court may appeal to the circuit court in the same county" (emphasis added)); *Estate of Boyce v. Work*, 305 S.C. 43, 44, 406 S.E.2d 184, 185 (Ct. App. 1991) (holding a probate court order was "clearly temporary" and not final under section 62-1-308(a) when the order appointed special administrators to an estate until a personal representative could be formally appointed and forbade distribution of the estate's assets).

As to Henson's remaining issues: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

**AFFIRMED.**

**SHORT, THOMAS, and HILL, JJ., concur.**

––––––––––

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.