**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of Estate of Herbert Franklin Dickson, Sr.

Milton Oakley Dickson, Appellant,

v.

Arthur B. Beasley, Jr., as Personal Representative of the Estate of Herbert F. Dickson, Sr., Respondent.

Appellate Case No. 2020-000782

———————

Appeal From Sumter County
Dale Atkinson, Probate Court Judge

———————

Unpublished Opinion No. 2022-UP-455
Submitted October 1, 2022 – Filed December 14, 2022

———————

**APPEAL DISMISSED**

———————

S. Jahue Moore and John Calvin Bradley, Jr., both of Moore Bradley Myers, PA, of West Columbia, for Appellant.

J Cabot Seth, of Jones Seth & Jones, LLP, and Kenneth R. Young, Jr., both of Sumter, for Respondent.

———————

**PER CURIAM:** Milton Oakley Dickson (Milton) appeals the probate court's order distributing assets and residuary of the estate of Herbert Franklin Dickson, Sr. (the Estate). On appeal, Milton argues (1) the probate court applied the incorrect burden of proof; (2) Arthur B. Beasley, Jr.'s claims against the Estate should be disallowed and he should be removed as personal representative for breaching his fiduciary duties; and (3) this court may substitute its findings for the probate court. We dismiss this appeal.

Because Milton failed to file an appeal with the circuit court prior to appealing to this court, we dismiss this appeal for lack of appellate jurisdiction. *See Dorn v. Cohen*, 421 S.C. 517, 520, 809 S.E.2d 53, 54 (2017) ("Appeals from the probate court are governed by section 62-1-308 of the Probate Code . . . ."); S.C. Code Ann. § 62-1-308 (2022) ("[A]ppeals from the probate court *must* be to the circuit court and are governed by the following rules . . . .") (emphasis added); *State v. Brown*, 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004) ("[T]his [c]ourt has held the failure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction . . . ."); *see, e.g., In re Estate of Cretzmeyer*, 365 S.C. 12, 13-14, 615 S.E.2d 116, 116-17 (2005) (affirming the circuit court's dismissal of an appeal from the probate court because the appellant failed to comply with the procedural requirements of section 62-1-308).

**APPEAL DISMISSED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.