**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Matter of: The Estate of Roy E. Mevers, Jr.

South Carolina Attorney General, Respondent,

v.

Minnie Lee Newman Mevers, Appellant,

v.

J. James Duggan, Respondent.

Appellate Case No. 2021-001152

———————

Appeal From Charleston County
Jennifer B. McCoy, Circuit Court Judge,
Tamara C. Curry, Probate Court Judge,
Irvin G. Condon, Probate Court Judge

———————

Unpublished Opinion No. 2024-UP-119
Submitted February 26, 2024 – Filed April 17, 2024

———————

**VACATED**

———————

Daniel Francis Blanchard, III, of Rosen Hagood LLC, of Charleston, for Appellant.

John James Duggan, of Duggan Wynn Law Firm, LLC, of Charleston, for Respondent J. James Duggan.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Solicitor General Robert D. Cook, Senior Assistant Deputy Attorney General Clyde H. Jones, Assistant Deputy Attorney General Mary Frances G. Jowers, Assistant Attorney General Kristin M. Simons, and Assistant Attorney General Rebecca M. Hartner, all of Columbia; and Stephen Lynwood Brown and C. Michael Branham, both of Clement Rivers, LLP, of Charleston; all for Respondent South Carolina Attorney General.

---

**PER CURIAM:**  Minnie Lee Newman Mevers (Widow) appeals the circuit court's affirmance of the probate court's orders (1) granting the South Carolina Attorney General's (the AG's) motions for a temporary restraining order (TRO) and temporary injunction restraining Widow from disposing of assets passing through the residuary clause of the will of Widow's husband Roy E. Mevers (Mevers); (2) appointing James Duggan as Special Administrator of Mevers's estate; (3) denying Widow's motion to alter, amend or vacate the temporary injunction order; and (3) granting Widow's motion to remove the action to circuit court.  We vacate the circuit court's order.

Pursuant to the general appealability statute, section 14-3-330 of the South Carolina Code (2017), interlocutory appeals of orders involving injunctions are immediately appealable.  *See* § 14-3-330 (4) (providing the supreme court has appellate jurisdiction of "[a]n interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver").  The South Carolina Probate Code, however, governs appeals from the probate court.  *Swiger by & through DeHaven v. Smith*, 426 S.C. 408, 415, 827 S.E.2d 200, 204 (Ct. App. 2019); *see Dorn v. Cohen*, 421 S.C. 517, 520, 809 S.E.2d 53, 54 (2017) (holding this court "erred in applying section 14-3-330 in determining whether the probate court order was immediately appealable").  The Probate Code's appeals provision provides, "A person interested in a final order, sentence, or decree of a probate court may appeal to the circuit court in the same county . . . ."  S.C. Code Ann. § 62-1-308(a) (2022).  Thus, only final orders from the probate court are appealable pursuant to section 62-1-308.  *Dorn*, 421 S.C. at 520, 809 S.E.2d at 54.

"Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final." *Ex parte Wilson*, 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005).

The probate court's orders granting the TRO, granting the temporary injunction, and appointing the special administrator are not final orders. The circuit court did not have appellate jurisdiction to consider Widow's appeal of these orders. Accordingly, we vacate the circuit court's order affirming the probate court's rulings. Because this issue is dispositive, we do not address Widow's arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues on appeal when its determination of a prior issue is dispositive).

**VACATED.**[1]

**THOMAS, MCDONALD, and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.