725 S.E.2d 926

**NEELTEC ENTERPRISES, INC., d/b/a Fireworks Supermarket, Petitioner,**

v.

**Willard LONG, d/b/a Foxy's Fireworks, and d/b/a Fireworks Superstore, Respondent.**

**No. 27125.**

Supreme Court of South Carolina.

Heard April 3, 2012.

Decided May 16, 2012.

Robert J. Thomas and Robert P. Wood, both of Rogers Townsend & Thomas, of Columbia, for Petitioner.

Bert G. Utsey, III, of Peters Murdaugh Parker Eltzroth & Detrick, of Walterboro, for Respondents.

PER CURIAM.

Petitioner appealed an order requiring it to substitute two corporations as defendants in its SCUTPA[1] suit in lieu of the individual (Long) against whom it had brought suit. The Court of Appeals dismissed petitioner's appeal finding it was not immediately appealable under S.C.Code Ann. § 14–3–330 (1977 and Supp.2011). *Neeltec Enterp., Inc. v. Long,* 391 S.C. 177, 705 S.E.2d 57 (Ct.App.2011). We granted certiorari to review that decision, and now reverse, finding the order is immediately appealable under S.C.Code Ann. § 14–3–330(2)(a). The matter is remanded to the Court of Appeals for consideration of the merits.

---

1. South Carolina Unfair Trade Practices Act, S.C.Code Ann. §§ 39–5–10 et seq. (1985 and Supp.2011).

## FACTS

Petitioner has long operated a fireworks store near I–95. It advertises its store "Fireworks Supermarket" on billboards along I–95. Defendant Long is alleged in petitioner's complaint to own and operate a competing fireworks store currently named "Fireworks Superstore" located closer to the I–95 exit than is petitioner's "Fireworks Supermarket." As a result, cars exiting the interstate will encounter Long's store before reaching petitioner's business. Petitioner alleged that Long first changed his store's name to closely resemble petitioner's. Petitioner then redecorated the outside of his building facing I–95 traffic with an advertising display. Defendant Long allegedly retaliated by moving a 45–foot long, 9–foot tall storage container onto his property, effectively blocking travelers' views of petitioner's wall advertisement. Petitioner alleged that, by his actions, defendant Long had violated the SCUTPA. Defendant Long answered, and subsequently filed a "Motion for Summary Judgment or, in the Alternative, for Substitution of Parties." Long asserted he never owned the Fireworks Superstore, but that it had been owned by Hobo Joes, Inc., when the suit was commenced and was now owned by Foxy's Fireworks Superstore, Inc., both South Carolina corporations. He sought either summary judgment because petitioner had sued the wrong party or an order, pursuant to Rule 21, SCRCP, that Long be dropped as a party and that Hobo Joe's and Foxy's Fireworks be added as defendants.

The special referee granted defendant Long's motion in part, finding he was not "the proper defendant for the claims presented" and ordering that Hobo Joe's and Foxy's Fireworks Superstore "be substituted as Defendants instead of Willard Long." In addition, the referee conditionally permitted petitioner to file an amended complaint if it "wishes to articulate a conspiracy claim against [Long] individually...." Petitioner appealed and the Court of Appeals dismissed the appeal.

## ISSUE

Did the Court of Appeals err in dismissing this appeal?

## ANALYSIS

 This is an appeal from an order requiring the plaintiff, at the request of the named defendant, to remove him from the suit and substitute two different defendants.[2] Since no specialized statute applies here, appealability is determined by § 14–3–330 which provides in pertinent part:

> The Supreme Court shall have appellate jurisdiction for correction of errors of law in law cases, and shall review upon appeal:
>
> . . .
>
> (2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

An interlocutory order which affects a substantial right, and either in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues an action, is immediately appealable under § 14–3–330(2)(a). The right of the plaintiff to choose her defendant is a substantial right within the meaning of this subsection. *Cf. Chester v. South Carolina Dep't of Pub. Safety*, 388 S.C. 343, 698 S.E.2d 559 (2010) (on appeal from order requiring plaintiff to join parties as defendants, Court recognized common law right of tort plaintiff to choose her defendant); *see also Hagood v. Sommerville*, 362 S.C. 191, 607 S.E.2d 707 (2005) (order disqualifying party's chosen attorney is immediately appealable under § 14–3–330(2)). Moreover, this order effectively discontinues petitioner's suit against Long, thus bringing the order under 2(a).

 In a 1933 case, the Court considered an appeal by the defendant from an order substituting an individual plaintiff for a corporate plaintiff. The defendant did not immediately appeal the substitution order, but instead sought to appeal it after judgment. The Court held

---

**2.** This is neither a "misnomer" situation, nor one involving a nonexistent party. *Compare McCullar v. Estate of Campbell*, 381 S.C. 205, 672 S.E.2d 784 (2009); *Griffin v. Capital Cash*, 310 S.C. 288, 423 S.E.2d 143 (Ct.App.1992).

[F]rom the court's order no appeal was taken by [the defendant]. On the contrary, as stated, she elected to file an answer and go to trial on the issues made by the pleadings. Clearly, in these circumstances, the question here made is *res adjudicata.* [Defendant], by her failure to appeal from the court's order of substitution, is now estopped to deny that [the individual] was the proper party to prosecute the action.

*Watts v. Copeland,* 170 S.C. 449, 456–7, 170 S.E. 780, 783 (1933).

*Watts* holds that a party who does not immediately appeal an order of substitution may not appeal this interlocutory order after final judgment. This Court has held that an interlocutory order that falls within the purview of § 14–3–330(2)(a) must be immediately appealed if it is to be considered at all, and that there is no review available after final judgment. *E.g., Creed v. Stokes,* 285 S.C. 542, 331 S.E.2d 351 (1985). We hold the order of substitution is appealable under § 14–3–330(2)(a), and that the failure to take such an immediate appeal would bar consideration of the order in an appeal from final judgment. *Watts, supra.*

The Court of Appeals and respondent rely on the portion of the special referee's order conditionally allowing petitioner to file an amended complaint naming Long individually as a co-conspirator with his companies. Leaving aside the validity of such a claim,[3] the judge's suggestion that he might permit the plaintiff to sue the original defendant on a legal theory of the referee's choosing is irrelevant to the appealability of the order of substitution.

## CONCLUSION

The order requiring petitioner to discontinue its SCUTPA suit against respondent Long affects petitioner's substantial right to name its defendant. This interlocutory order is immediately appealable under § 14–3–330(2)(a). *Watts, supra.* The decision of the Court of Appeals dismissing the

---

**3.** *See McMillan v. Oconee Mem. Hosp.,* 367 S.C. 559, 626 S.E.2d 884 (2006).

appeal is reversed, and the matter remanded for consideration of the merits of petitioner's appeal.

**REVERSED AND REMANDED.**

PLEICONES, Acting Chief Justice, BEATTY, KITTREDGE, JJ., and Acting Justices JAMES E. MOORE and J. ERNEST KINARD, Jr., concur.