741 S.E.2d 767

**NEELTEC ENTERPRISES, INC. d/b/a Fireworks Supermarket, Appellant,**

v.

**Willard LONG d/b/a Foxy's Fireworks, and d/b/a Fireworks Superstore, Respondent.**

Appellate Case No. 2008–101646.

No. 5094.

Court of Appeals of South Carolina.

Heard Dec. 10, 2012.

Decided Feb. 27, 2013.

Rehearing Denied May 16, 2013.

Robert J. Thomas and Robert P. Wood, both of Rogers Townsend & Thomas, PC, of Columbia, for Appellant.

Bert Glenn Utsey, III, of Peters Murdaugh Parker Eltzroth & Detrick, PA, of Walterboro, for Respondent.

KONDUROS, J.

Neeltec Enterprises, Inc., d/b/a Fireworks Supermarket, filed a complaint alleging violation of the South Carolina Unfair Trade Practices Act (SCUTPA) against Willard Long, d/b/a Foxy's Fireworks and d/b/a Fireworks Superstore. After hearing Long's motion for summary judgment or, in the alternative, a substitution of parties, the special referee filed an order directing two corporations be substituted as defendants instead of Long. Neeltec appeals arguing the special referee erred in substituting the corporations because Long was responsible for his employees' actions. We reverse and remand.

## FACTS/PROCEDURAL BACKGROUND

Neeltec owns and operates a fireworks store called Fireworks Supermarket off of I–95 in Walterboro. According to Neeltec, it advertises heavily with billboards along northbound I–95. Neeltec asserted Long opened and operated a competing fireworks store next to Fireworks Supermarket and closer to the interstate exit. Neeltec averred Long changed his store's sign to read "Fireworks Superstore" in early 2006 to capitalize on Neeltec's advertising. After Neeltec repainted its outside wall facing I–95 with an advertising display, Neeltec contended Long placed a forty-five-feet-long, nine-feet-tall storage container on the front of Long's property, substantially blocking the view of Neeltec's store.

In June of 2006, Neeltec filed a complaint against "Willard Long, d/b/a Foxy's Fireworks, and d/b/a Fireworks Superstore," alleging Long violated the SCUTPA by employing unfair and deceptive acts or practices and unfair methods of competition. Neeltec claimed Long's acts "have damaged, threaten to damage, and continue to damage" Neeltec's business by reducing sales. Neeltec requested actual, punitive, and statutory treble damages as well as attorney's fees and costs.

Long's answer stated a South Carolina corporation named Hobo Joe's, Inc. originally opened a store, named it "Foxy's Fireworks," and later changed the sign on the store to "Fireworks Super Store." Long admitted Hobo Joe's, Inc. placed a

storage container in front of its store. Long stated Neeltec had sued the wrong party, and he consented to the substitution of the proper defendant. By way of a counterclaim, Long argued Neeltec's actions constituted a public nuisance.

Neeltec served and filed a motion to amend the complaint and motion for a temporary injunction. The motion to amend was granted. In June ·of 2007, the case was referred to a special referee, who declined to · issue the injunction. In. August of 2007, Long served and filed a motion for summary judgment or, in the alternative, a substitution of· parties.

Long's motion asserted (1) Long did not individually own the Fireworks Superstore; (2) Hobo Joe's, Inc.. owned the store when the action began; (3) Fox's Fireworks Superstore, Inc. now owned the store; (4) Neeltec did not assert a claim for piercing the corporate veil nor was such·a claim supported by the facts; and (5) Neeltec sued the wrong party. Long requested he be dropped as a defendant and Hobo Joe's, Inc. and Fox's Fireworks Superstore, Inc. be added.

In June of 2008, the special referee met with the parties to hear Long's motion.[1] At the hearing, Long admitted the store was always owned by his corporations and, while he is the sole shareholder, he has never operated the store as a sole proprietorship.

The special referee filed an order in August of 2008, denying summary judgment. The order found (1) Neeltec's claims were against the business Fireworks Superstore, which is a corporation; (2) the complaint did not allege conspiracy between Long and the corporation; (3) the complaint did not allege failure to follow corporate formalities or any other basis for piercing the corporate veil; and (4) Long was not the proper defendant for the claims presented. The special referee held the action should proceed against the two corporations that have owned and operated Fireworks Superstore, Hobo Joe's, Inc. and Fox's Fireworks Superstore, Inc.[2] The order concluded:

---

1. No court reporter was present at the hearing, and thus, there is no transcript.

2. The order states the name of the corporation as Foxy's Firework Superstore, Inc., but the correct name is Fox's Fireworks Superstore, Inc.

> [T]o the extent [Neeltec] wishes to articulate a conspiracy claim against . . . Long, individually, along with the subject corporations, [Neeltec] shall submit . . . no later than thirty (30) days from the date of this Order, a proposed Amended Complaint setting forth any such claims as well as a short Memorandum of Law. . . .

The Record does not indicate an amended complaint was ever filed. Neeltec appealed to this court, which dismissed the appeal because it was not immediately appealable. *See Neeltec Enterps., Inc. v. Long*, 391 S.C. 177, 705 S.E.2d 57 (Ct.App. 2011). Neeltec petitioned the South Carolina Supreme Court for certiorari, which the supreme court granted. On appeal, the supreme court reversed this court and found: "The order requiring petitioner to discontinue its SCUTPA suit against respondent Long affects petitioner's substantial right to name its defendant. This interlocutory order is immediately appealable under § 14-3-330(2)(a)[of the South Carolina Code]." *Neeltec Enterps., Inc. v. Long*, 397 S.C. 563, 567, 725 S.E.2d 926, 929 (2012) (citing *Watts v. Copeland*, 170 S.C. 449, 456–57, 170 S.E. 780, 783 (1933)). The supreme court also noted the special referee's contention that Neeltec could amend its complaint to assert a conspiracy theory was irrelevant to the appealability of the order. *Id.* at 567 & n. 3, 725 S.E.2d at 929 & n. 3 (citing *McMillan v. Oconee Mem'l Hosp., Inc.*, 367 S.C. 559, 565, 626 S.E.2d 884, 887 (2006) ("[A] corporation cannot conspire with itself.")). The supreme court remanded the appeal to this court to consider the merits. *Id.* at 567–68, 725 S.E.2d at 929.

## LAW/ANALYSIS

■ Neeltec argues the special referee erred in substituting the corporations for Long. Neeltec argues Long should be personally liable for commanding or inducing the corporation to commit a harmful act.[3] We agree.

■ "[I]n private actions under the [SC]UTPA, directors and officers are not liable for the corporation's unfair trade practices unless they personally commit, participate in, direct, or authorize the commission of a violation of the [SC]UTPA."

---

3. Neeltec cites the doctrine of *qui facit per alium facit per se,* "He who acts through another, acts himself."

*Plowman v. Bagnal,* 316 S.C. 283, 286, 450 S.E.2d 36, 38 (1994) (citing *Donsco, Inc. v. Casper Corp.,* 587 F.2d 602 (3rd Cir.1978) (holding corporate officer is individually liable for unfair competition in which he participates); *E. Star, Inc. v. Union Bldg. Materials Corp.,* 6 Haw.App. 125, 712 P.2d 1148 (1985) (finding corporate officer or director who participates in unfair or deceptive acts is jointly and severally liable with corporation); *Moy v. Schreiber Deed Sec. Co.,* 370 Pa.Super. 97, 535 A.2d 1168 (Ct.1988) (deciding corporate president could be held individually liable under participation theory for acts of unfair competition he personally committed); *Great Am. Homebuilders, Inc. v. Gerhart,* 708 S.W.2d 8 (Tex.Ct.App. 1986) (determining corporate officer who knowingly participates in deceptive trade practice may be held individually liable); *Grayson v. Nordic Constr. Co.,* 92 Wash.2d 548, 599 P.2d 1271 (1979) (en banc) (finding if corporate officer participates in violation of Consumer Protection Act, officer is liable for penalties)).

In *Green v. Mastodon Ventures, Inc.,* the complaint alleged the defendant was a controlling shareholder in a corporation "and engaged in wrongful non-corporate actions and participated in [the corporation's] wrongful actions." C.A. No. 6:07–3805–HMH, 2008 WL 697150, at *2 (D.S.C. Mar. 12, 2008). The district court found the complaint stated causes of action against the defendant including violation of the SCUTPA and denied the defendant's motion to dismiss. *Id.*

 Although Neeltec's action is for the violation of the SCUTPA, the supreme court has found in tort cases:

An officer, director, or controlling person in a corporation is not, merely as a result of his or her status as such, personally liable for the torts of the corporation. To incur liability, the officer, director, or controlling person must ordinarily be shown to have in some way participated in or directed the tortious act.

*Rowe v. Hyatt,* 321 S.C. 366, 369, 468 S.E.2d 649, 650 (1996) (citing *Plowman,* 316 S.C. at 286, 450 S.E.2d at 38; *Hunt v. Rabon,* 275 S.C. 475, 272 S.E.2d 643 (1980)). Further, "a plaintiff has the sole right to determine which co-tortfeasor(s) she will sue." *Chester v. S.C. Dep't of Pub. Safety,* 388 S.C. 343, 345, 698 S.E.2d 559, 560 (2010); *see also Neeltec Enters.,*

*Inc. v. Long,* 397 S.C. 563, 566, 725 S.E.2d 926, 928 (2012) (noting this principle in remanding this case to our court).

Neeltec's cause of action against Long was for the violation of the SCUTPA. Because an officer or controlling person in a corporation may be individually liable, Neeltec is allowed to assert a claim against Long individually. Neeltec has the right to decide which party it wishes to sue for certain acts. Accordingly, the special referee erred in substituting the two corporations for Long. Therefore, the special referee's order is

**REVERSED AND REMANDED.**

SHORT and LOCKEMY, JJ., concur.