# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Lawrence E. Morrow and Evelyn M. Morrow,
Petitioners,

v.

Fundamental Long-Term Care Holdings, LLC;
Fundamental Clinical Consulting, LLC; Fundamental
Administrative Services, LLC; THI of Baltimore, Inc.;
THI of South Carolina, LLC; THI of Baltimore
Management, LLC; THI of South Carolina at Magnolia
Place at Spartanburg, LLC, d/b/a Magnolia Place at
Spartanburg, Respondents.

Appellate Case No. 2012-212871

---

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

---

Appeal from Spartanburg County
The Honorable J. Derham Cole, Circuit Court Judge

---

Opinion No. 27532
Heard January 13, 2015 – Filed June 17, 2015

---

## REVERSED AND REMANDED

---

John S. Nichols and Blake A. Hewitt, both of Bluestein,
Nichols, Thompson & Delgado, LLC, of Columbia, and
Gary W. Poliakoff and Raymond P. Mullman, Jr, both of
Poliakoff & Associates, PA, of Spartanburg, for
Petitioners.

William L. Howard, Sr., D. Jay Davis, Jr., and Russell G. Hines, all of Young Clement Rivers, LLP, of Charleston, and Lori D. Proctor, of Cooper & Scully, PC, of Houston, TX, for Respondents.

---

**JUSTICE HEARN:** The court of appeals dismissed as interlocutory an appeal which severed a number of defendants from this lawsuit, ostensibly under the label of "bifurcation." We hold the order went far beyond our common understanding of bifurcation, thereby affecting a substantial right of the petitioners. We therefore reverse.

## FACTUAL/PROCEDURAL HISTORY

Lawrence and Evelyn Morrow filed a lawsuit against THI of South Carolina at Magnolia Place at Spartanburg, LLC (Magnolia Place) alleging personal injuries were suffered by Lawrence as a nursing home resident. The Morrows alleged that due to Magnolia Place's negligence, Lawrence sustained an injury while being assisted in the shower and was required to undergo surgery to remove a penile implant. They also alleged the nursing home failed to properly monitor Lawrence's diabetes or properly care for his pressure wounds.

The Morrows also brought suit against Fundamental Long-Term Care Holdings, LLC, Fundamental Clinical Consulting, LLC, Fundamental Administrative Services, LLC, THI of Baltimore, Inc., THI of South Carolina, Inc., and THI Holdings, LLC (collectively, Fundamental Entities). The Morrows alleged the Fundamental Entities were vicariously liable for the negligence of Magnolia Place, and furthermore were directly responsible for Lawrence's injuries by way of their conscious disregard for his health in underfunding Magnolia Place, which led to issues with staffing, training, and nutrition.

The Fundamental Entities thereafter filed a motion to bifurcate the trial pursuant to Rule 42(b), SCRCP between the nursing home negligence claims and the corporate negligence claims, and further, to stay discovery related to the corporate negligence claims. The Fundamental Entities argued bifurcation was proper because the issues of nursing home negligence and corporate negligence were distinct, and the Morrows could only move forward on the corporate negligence claims if they were first successful against Magnolia Place. As an extension, the Fundamental Entities argued bifurcation of the trial would simplify the issues, save significant judicial resources, and cut costs related to discovery.

The trial court granted the motion, finding that without first proving negligence against the nursing home the Morrows' claims for corporate negligence could not proceed. Accordingly, the trial court ordered that discovery and a trial on the nursing home negligence claims could go forward, and only if the Morrows were successful, a new jury could hear the corporate negligence claims in a later proceeding.

The Morrows moved for reconsideration pursuant to Rule 59(e), SCRCP, and the trial court issued a Form 4 order denying the motion. The Morrows appealed, and a single judge of the court of appeals issued an order dismissing the case finding the order granting bifurcation was not immediately appealable. The Morrows petitioned for rehearing, which was denied by a three-judge panel. The Morrows petitioned this Court for a writ of certiorari and we granted the petition.

## ISSUE PRESENTED

Did the court of appeals err in holding the trial court's order of bifurcation was not immediately appealable?

## LAW/ANALYSIS

The Morrows argue the court of appeals erred by holding the trial court's order of bifurcation was not immediately appealable because the order affects a substantial right. We agree.

The determination of whether a trial court's order is immediately appealable is governed by statute. *Hagood v. Sommerville*, 362 S.C. 191, 194, 607 S.E.2d 707, 708 (2005); *see* S.C. Code Ann. § 14-3-330 (1976 & Supp. 2014). Pursuant to Section 14-3-330, appellate courts have jurisdiction to immediately review:

(1) Any intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas and general sessions, brought there by original process or removed there from any inferior court or jurisdiction, and final judgments in such actions; *provided,* that if no appeal be taken until final judgment is entered the court may upon appeal from such final judgment review any intermediate order or decree necessarily affecting the judgment not before appealed from;

(2) An order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action, (b) grants

or refuses a new trial or (c) strikes out an answer or any part thereof or any pleading in any action;

(3) A final order affecting a substantial right made in any special proceeding or upon a summary application in any action after judgment; and

(4) An interlocutory order or decree in a court of common pleas granting, continuing, modifying, or refusing an injunction or granting, continuing, modifying, or refusing the appointment of a receiver.

S.C. Code Ann. § 14-3-330. The provisions of section 14-3-330 have been construed by this Court to serve the underlying policy favoring judicial economy by avoiding "piecemeal appeals." *Hagood*, 362 S.C. at 196, 607 S.E.2d at 709. By its nature, the question of whether an order is immediately appealable is determined on a case-by-case basis.

The Morrows argue the trial court's order is immediately appealable under section 14-3-330 because it is based on a material misunderstanding of their claims against the Fundamental Entities. Specifically, they argue the trial court's order conflates the theories of vicarious liability and direct liability by determining the Morrows can move forward on their claims against the corporate defendants only if they first recover against Magnolia Place. We agree.

The Morrows correctly assert that the theory of vicarious liability is different than the theory of direct corporate liability. *See* Martin C. McWilliams, Jr. & Hamilton E. Russell, III, *Hospital Liability for Torts of Independent Contractor Physicians*, 47 S.C. L. Rev. 431 (1996). Vicarious liability attaches to a parent company or employer as the result of negligence on behalf of its employees, such as through the doctrine of respondeat superior. *Id.* at 439. Conversely, direct corporate liability attaches due to a breach of a duty which runs directly between a parent company and a patient, arising from negligence in actions such as leaving a hospital underfunded, understaffed, or undertrained so as to provide substandard care. *Id.* at 462. Accordingly, the two theories of vicarious liability and corporate liability can coexist in a lawsuit, and a finding of one does not necessarily preclude a finding of the other. *See Scampone v. Highland Park Care Ctr.*, 57 A.3d 582, 596–600 (Pa. 2012) (holding that claims of vicarious liability and direct liability could be brought either concomitantly or alternately in case against nursing home); *see also Montgomery Health Care Facility, Inc. v. Ballard*, 565 So. 2d 221, 225–26 (Ala. 1990) (finding parent corporation of nursing home could be held liable for patient's death where corporation controlled day-to-day operations of home); *cf.*

*Forsythe v. Clark USA, Inc.*, 864 N.E.2d 227, 237 (Ill. 2007) (recognizing direct corporate liability as a valid theory of recovery in the context of workplace accidents).

We therefore find that the trial court's order misapprehended the nature of the Morrows' claims against the Fundamental Entities. The order treats these claims as based solely on vicarious liability that can be tried only after a finding of negligence on the part of Magnolia Place, when instead they are grounded in direct corporate liability which follows independent, albeit interconnected, duties owed to the Morrows. By considering the Morrow's claims against the Fundamental Entities as dependent upon their claim against Magnolia Place, the trial court's order effectively grants the Fundamental Entities potential summary judgment on the issues of direct corporate liability.[1]

Accordingly, we find the trial court's order fits neatly within the statutory provision allowing immediate appeals where a substantial right is implicated. S.C. Code Ann. § 14-3-330(2)(a). The effect of this order is to prevent the Morrows from being architects of their own complaint, and deprives them of bringing their case against the defendant of their own choosing. *See Neeltec Enters., Inc., v. Long*, 397 S.C. 563, 566, 725 S.E.2d 926, 928 (2012) ("The right of the plaintiff to choose her defendant is a substantial right within the meaning of [section 14-3-330(2)(a)]"). To prevent the Morrows from appealing the order immediately would encourage piecemeal litigation and limit their appellate remedies after the first trial on nursing home negligence and its subsequent appeal.[2]

We decline the Fundamental Defendants' invitation to base our decision on the manner in which the motion was characterized—one of bifurcation. Our review of trial court orders is not constrained by how the order is styled. *See Thornton v. S.C. Elec. & Gas Corp.*, 391 S.C. 297, 304, 705 S.E.2d 475, 479 (Ct.

---

[1] Defense counsel candidly admitted during oral argument that if the Morrows' claims against the Fundamental Entities was unsuccessful he would argue that based on the "bifurcation" order, summary judgment on the claims of corporate liability would be proper.

[2] The dissent asserts the trial court's order will have no effect if the Morrows win on their nursing home negligence claim. We respectfully disagree. The trial court's order implicates a substantial right of the plaintiffs. Just because *part* of the prejudice stemming from the order may be cured at a later date does not remove it from the purview of section 14-3-330(2)(a).

App. 2011) ("[A]n appellate court should look to the effect of an interlocutory order to determine its appealability.").

The trial court's order is quite distinct from other orders of bifurcation which have come before this Court. *See e.g.*, *Flagstar Corp. v. Royal Surplus Lines*, 341 S.C. 68, 533 S.E.2d 331 (2000) (holding order bifurcating issue of exclusion under insurance contract from issue of occurrence was not appealable); *Senter v. Piggly Wiggly Carolina Co.*, 341 S.C. 74, 533 S.E.2d 575 (2000) (holding order bifurcating issues in contract case between liability and damages was not immediately appealable); *see also Durham v. Vinson*, 360 S.C. 639, 602 S.E.2d 760 (2004) (encouraging bifurcation of issues of actual and punitive damages in complex medical malpractice cases). We are therefore free to evaluate the trial court's order as what it is—not merely what it appears to be—and hold that it is one which is immediately appealable.

## CONCLUSION

Accordingly, we hold the trial court's order is immediately appealable pursuant to § 14-3-330(2)(a). The order of the court of appeals dismissing the case is reversed and we remand for a determination on the merits of the appeal.

**TOAL, C.J., and BEATTY, J., concur. KITTREDGE, J., dissenting in a separate opinion in which PLEICONES, J., concurs.**

**JUSTICE KITTREDGE**:  Because I believe the court of appeals properly dismissed the appeal as interlocutory, I respectfully dissent.

I reject any suggestion that perceived error in the trial court's bifurcation order impacts the appealability question.  The majority is convinced that the trial court erred in bifurcating the plaintiffs' (the Morrows) claims against the Magnolia Place nursing home and corporate defendants (Fundamental Entities).  The majority agrees with the Morrows that the trial court order "is based on a material misunderstanding of their claims" and that "the trial court order conflates the theories of vicarious liability and direct liability."  After discussing the law concerning direct and vicarious liability, the majority "finds that the trial court's order misapprehended the nature of the Morrows' claims against the Fundamental Entities."  This perceived error in the bifurcation order, in my judgment, is a central feature of today's decision.  Yet, error in an order granting or denying bifurcation does not transform the order into an appealable one.

Even if I were to accept the Court's premise of error in the bifurcation order, I would still resist the temptation to find the interlocutory order immediately appealable.  This is because the Morrows are in no manner precluded from appealing a subsequent, and truly final, order preventing their claims against the Fundamental Entities from going forward.[3]  The Court nevertheless concludes that the trial court order implicates a "substantial right" pursuant to section 14-3-330(2)(a), which allows an appeal from an interlocutory order when the order "in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action."  The bifurcation order before us neither discontinues their action against the Fundamental Entities nor prevents a judgment from which an appeal may be taken should (and we are speculating) the Morrows be precluded from pursuing their claims against the Fundamental Entities.

I am concerned that today's loose construction of section 14-3-330 undermines the final judgment rule.  I would affirm the court of appeals.

**PLEICONES, J., concurs.**

---

[3]  This highlights another concern.  Assuming the Morrows' claim against Magnolia Place is successful, the additional claims against the Fundamental Entities would proceed in the normal course pursuant to the bifurcation order.  In that event, the Morrows would have no reason to appeal.