**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randy Skelton and Penelope Skelton, Respondents,

v.

Summerville Plaza, LLC; Bi-Lo, LLC; and Bi-Lo, Inc.; Defendants,

Of whom Bi-Lo, LLC and Bi-Lo, Inc. are the Appellants.

Appellate Case No. 2016-001486

Appeal From Charleston County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-160
Submitted March 1, 2018 – Filed April 18, 2018

**APPEAL DISMISSED**

Duke Raleigh Highfield, Stephen Lynwood Brown, Russell Grainger Hines, Jeffrey J. Wiseman, Mary Skahan Willis, and William Oglesby Sweeny, IV, all of Young Clement Rivers, of Charleston, for Appellants.

Paul E. Tinkler, of Law Office of Paul E. Tinkler, and Matthew Evert Yelverton, of Yelverton Law Firm, LLC, both of Charleston; and Cameron Grant Boggs, of Greenville, for Respondents.

_____

**PER CURIAM:**  Dismissed pursuant to Rule 220(b), SCACR, and the following authorities: *Morrow v. Fundamental Long-Term Care Holdings, LLC*, 412 S.C. 534, 537, 773 S.E.2d 144, 145 (2015) ("The determination of whether a trial court's order is immediately appealable is governed by statute."); S.C. Code Ann. § 14-3-330(1) (2017) (providing for appellate jurisdiction over "[a]ny intermediate judgment, order or decree in a law case involving the merits in actions commenced in the court of common pleas"); *Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 7, 630 S.E.2d 464, 467 (2006) ("An order 'involves the merits,' as that term is used in [s]ection 14-3-330(1)[,] and is immediately appealable when it finally determines some substantial matter forming the whole or part of some cause of action or defense." (footnote omitted)); *id.* ("The phrase 'involving the merits' is narrowly construed in modern precedent."); *Smith v. Tiffany*, 419 S.C. 548, 557, 799 S.E.2d 479, 484 (2017) ("[A] critical feature of [section 15-38-15 of the South Carolina Code (Supp. 2017)] is the codification of the empty chair defense . . . ."); S.C. Code Ann. § 14-3-330(2) (2017) (providing for appellate jurisdiction over orders "affecting a substantial right"); *Smith*, 419 S.C. at 562, 799 S.E.2d at 487 (holding a defendant in a tort action does not have the right to join a cotortfeasor as a party under Rule 19, SCRCP); *Neeltec Enters., Inc. v. Long*, 397 S.C. 563, 566, 725 S.E.2d 926, 928 (2012) ("The right of the plaintiff to choose her defendant is a substantial right within the meaning of [section 14-3-330(2)(a)]."); *Machin v. Carus Corp.*, 419 S.C. 527, 545-46, 799 S.E.2d 468, 477-78 (2017) (holding a defendant in a tort action does not have the right to list a nonparty on the jury form for inclusion in the allocation of fault).

**APPEAL DISMISSED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

_____

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.