**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

US Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, Respondent,

v.

Robert E. Hammond, Appellant.

Appellate Case No. 2017-000613

———————

Appeal From Charleston County
Roger M. Young, Sr., Circuit Court Judge,
Mikell R. Scarborough, Master-in-Equity

———————

Unpublished Opinion No. 2019-UP-239
Submitted April 1, 2019 – Filed July 3, 2019

———————

**AFFIRMED**

———————

Robert E. Hammond, of Irvine, California, pro se.

Henry Guyton Murrell, of Scott and Corley, P.A., of Columbia, for Respondent.

———————

**PER CURIAM:** Robert E. Hammond appeals the circuit court's order substituting U.S. Bank Trust, N.A. (U.S. Bank) as the new mortgagee from the prior mortgagee, Nationstar Mortgagee, LLC, in a foreclosure proceeding. He also appeals the master-in-equity's denial of his Rule 59(e), SCRCP, motion on that

matter.  On appeal, Hammond argues (1) the master erred because Hammond timely filed the Rule 59(e) motion and (2) both the circuit and master erred because the signing of the substitution order without holding a hearing violated the South Carolina Rules of Civil Procedure (the Rules) and the United States and South Carolina Constitutions.  We affirm.[1]

1. The master erred in finding the Rule 59(e) motion was not timely filed.  *See* Rule 59(e), SCRCP ("A motion to alter or amend the judgment shall be *served* not later than [ten] days after receipt of written notice of the entry of the order." (emphasis added)); Rule 6(a), SCRCP ("In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included.  The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a State or Federal holiday, *in which event the period runs until the end of the next day which is neither a Saturday, Sunday* nor such holiday." (emphasis added)); Rule 5(d), SCRCP ("All papers required to be served upon a party except as provided in Rule 26(g)(1), shall be *filed* with the court within five (5) days after service thereof." (emphasis added)).  However, as discussed below, the master properly denied the Rule 59(e) motion because the circuit court did not err in its order substituting the parties.  *See* Rule 220(c), SCACR ("The appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the [r]ecord on [a]ppeal.").

2.  As to the purported procedural and constitutional violations, we affirm.  Initially, we note the substitution order is interlocutory but is immediately appealable because U.S. Bank was substituted as the real party of interest.  *See* S.C. Code Ann. § 14-3-330(2)(a) (2017) ("The [s]upreme [c]ourt . . . shall review upon appeal: . . . [a]n order affecting a substantial right made in an action when such order (a) in effect determines the action and prevents a judgment from which an appeal might be taken or discontinues the action . . . ."); *Neeltec Enters., Inc. v. Long*, 397 S.C. 563, 567, 725 S.E.2d 926, 928 (2012) ("[A] party who does not immediately appeal an order of substitution may not appeal this interlocutory order after final judgment.  [The supreme court] has held that an interlocutory order that falls within the purview of [section] 14-3-330(2)(a) must be immediately appealed if it is to be considered at all, and that there is no review available after final judgment.").  Next, the circuit court did not err in substituting the parties without a hearing.  The Rules only require the motion be served on the parties; the Rules do not require a hearing on the motion when one was not requested.  *See* Rule 25(e),

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

SCRCP ("Substitution of parties under the provision of this rule may be made by the trial court either before or after judgment, or pending appeal, by the appellate court."); Rule 25(c), SCRCP ("In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.  Service of the motion shall be made as provided in Rule 25(a)(1)."); Rule 25(a)(1), SCRCP ("The motion for substitution may be made by any party or by the successors or representatives . . . and, together with the notice of hearing shall be served on the parties as provided in Rule 5 . . . ."); Rule 5(a), SCRCP ("[W]ritten motions, other than ones which may be heard ex parte . . . shall be served upon each of the parties of record."); Rule 5(b)(1), SCRCP ("Service by mail is complete upon mailing of all pleadings and papers subsequent to service of the original summons and complaint."); Rule 6(d), SCRCP ("A written motion other than one which may be heard ex parte, and notice of the hearing thereof, shall be served not later than ten days before the time specified for the hearing, unless a different period is fixed by these rules or by an order of the court." (italics omitted)).  Lastly, Hammond has failed to demonstrate substantial prejudice by the substitution.  *See Tall Tower, Inc. v. S.C. Procurement Review Panel*, 294 S.C. 225, 233, 363 S.E.2d 683, 687 (1987) ("A demonstration of substantial prejudice is required to establish a due process claim.").

**AFFIRMED.**

**HUFF, THOMAS, and KONDUROS, JJ., concur.**